# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGROOP SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>    Respondents. | No. 1:26-cv-00028 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT, DENYING RESPONDENTS' MOTION TO DISMISS, ORDERING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 2, 10, 12) |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 27, 2026,[1] the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted on Count Two, Petitioner's motion for preliminary injunction be denied as moot, Respondents' motion to dismiss be denied, and Respondents be directed to immediately release Petitioner. (Doc. 12.) On February 10, 2026, Respondents filed objections to the findings and recommendations. (Doc. 14.)

/////

---

[1] The findings and recommendations were signed on January 26, 2026, but not docketed until January 27, 2026.

1

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on January 27, 2026 (Doc. 12) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** on Count Two.
3. Petitioner's motion for preliminary injunction (Doc. 2) is **DENIED** as moot.
4. Respondents' motion to dismiss (Doc. 10) is **DENIED**.
5. Respondents are ordered to **IMMEDIATELY RELEASE** Petitioner on the conditions of his prior release from custody until DHS proves to a neutral adjudicator by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight or to effectuate a final and executable order of removal.
6. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner absent compliance with constitutional protections, which include at a minimum, predeprivation notice[2] of at least seven days before a predeprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested.
7. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **February 21, 2026**

UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, SHALL be provided within seven days of the arrest.